v.

**STATE of Florida, Appellee.**

**Case No. 2D15–4905**

District Court of Appeal of Florida,
Second District.

Opinion filed December 7, 2016

Howard L. Dimmig, II, Public Defender,
and Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General, Tal-
lahassee, and Ha Thu Dao, Assistant At-
torney General, Tampa, for Appellee.

LaROSE, Judge.

S.A.W., a juvenile, pleaded guilty to bur-
glary, in violation of section 810.02, Florida
Statutes (2014), and grand theft, in viola-
tion of section 812.014, Florida Statutes
(2014). The trial court withheld adjudica-
tion and placed S.A.W. on six months of
probation. S.A.W. appeals the final adjudi-
cation and disposition. We have jurisdic-
tion. Fla. R. App. P. 9.140(b)(2)(A)(i).
S.A.W. argues that the trial court erred by
denying his dispositive motion to suppress
DNA evidence and in failing to hold a plea
colloquy or enter a written or oral disposi-
tion. We affirm, without further discussion,
the trial court's order denying the motion
to suppress evidence.

The State concedes that the trial court
did not hold a plea colloquy. See Fla. R.
Juv. P. 8.080(a) ("Before accepting a plea
of guilty or nolo contendere, the court shall
determine that the plea is knowingly and
voluntarily entered and that there is a
factual basis for it."). Thus, we must re-
verse and remand for the trial court to

conduct the appropriate colloquy. See
G.M.K. v. State, 312 So.2d 538, 538 (Fla.
2d DCA 1975) (holding that remand was
appropriate when the record failed to re-
flect a determination by the trial court that
the juvenile entered a voluntary plea with
an understanding of the nature of the alle-
gations).

Affirmed, in part, reversed, in part, and
remanded.

BLACK and LUCAS, JJ., Concur.